*U.S. Department of Justice*

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| Rod J. Rosenstein<br>United States Attorney<br><br>Christopher Mason<br>Special Assistant United States Attorney | 36 South Charles Street<br>Fourth Floor<br>Baltimore, Maryland 21201 | DIRECT: 410-209-4831<br>MAIN: 410-209-4800<br>FAX: 410-962-3124<br>TTY/TDD: 410-962-4462<br>Christopher.Mason@usdoj.gov |

October 11, 2011

David Fischer, Esq.
7310 Ritchie Highway, Suite 300
Glen Burnie, MD 21061

      Re:    Plea agreement in the case of
                United States v. Christian Nesmith
                Criminal No. CCB-11-0537

Dear Mr. Fischer:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **October 12, 2011**, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

      1.    The Defendant agrees to waive indictment and plead guilty to the sole count of the Information now pending against him, charging him with conspiracy to distribute and possess with the intent to distribute one hundred kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 846. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

Revised 8/8/08

David Fischer, Esq.
October 11, 2011
Page 2

    a.  an agreement existed between two or more persons to violate the federal drug laws by distributing and possessing with the intent to distribute one hundred kilograms or more of a mixture or substance containing a detectable amount of marijuana; and

    b.  the Defendant knowingly joined in that agreement.

## Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is 40 years in prison, with a mandatory minimum term of five (5) years imprisonment, a fine of $5,000,000 and a period of supervised release of at least four (4) years. In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.  If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

David Fischer, Esq.
October 11, 2011
Page 3

unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

      d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

      e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

      g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

      h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the

David Fischer, Esq.
October 11, 2011
Page 4

Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6.  This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

### a. Guidelines Stipulation

The parties stipulate and agree that the base offense level for the Defendant is twenty-eight (28) because it was reasonably foreseeable to the Defendant that the conspiracy involved the distribution of at least 400 kilograms, but less than seven hundred kilograms, of marijuana, pursuant to U.S.S.G. § 2D1.1(c)(6). The parties further stipulate and agree that the offense level shall be decreased by two (2) levels pursuant to U.S.S.G. § 3B1.2 because the Defendant was a minor participant in the criminal activity. The statutory mandatory minimum term of imprisonment is 60 months.

### b. Acceptance of Responsibility

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Therefore, the Defendant's anticipated **final offense level is twenty-three (23).**

7.  The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

David Fischer, Esq.
October 11, 2011
Page 5

8. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. If the Defendant intends to seek a sentence below the advisory guidelines range based on application of the 18 U.S.C. § 3553(a) factors, the Defendant agrees to notify the Court, the United States Probation Officer and government counsel at least ten days in advance of sentencing of any facts or issues he intends to raise.

### Obligations of the United States Attorney's Office

9. At the time of sentencing, this Office will recommend a sentence of imprisonment within the advisory guidelines range, as calculated by the Court. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, ~~including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.~~

### Waiver of Appeal

11. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all rights, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b. The Defendant and this Office knowingly waive all rights, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the high-end of the applicable advisory guidelines range; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the low-end of the applicable advisory guidelines range.

    c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that

David Fischer, Esq.
October 11, 2011
Page 6

resulted from arithmetical, technical, or other clear error.

        d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Court Not a Party

      12.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Pre-Sentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the pre-sentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Obstruction or Other Violations of Law

      13.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the

David Fischer, Esq.
October 11, 2011
Page 7

evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Entire Agreement

14. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Benjamin Block
Assistant United States Attorney

Christopher M. Mason
Special Assistant United States Attorney

David Fischer, Esq.
October 11, 2011
Page 8

      I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

10/11/11
Date

Christian Nesmith

      I am Christian Nesmith's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

10/11/11
Date

David Fischer, Esq.

## ATTACHMENT A

## STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the Government would have proved the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the facts that would have been proven had this matter proceeded to trial.*

From at least in or about October 2010 through in or about March 2011, in the District of Maryland and elsewhere, the Defendant, **CHRISTIAN NESMITH**, together with others named in the Indictment, did knowingly conspire to distribute and possess with the intent to distribute one hundred kilogram or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

The Defendant was a participant in Raymond Williams' marijuana distribution organization, which was based in San Diego, California, and distributed marijuana throughout the United States, including to locations within the District of Maryland. Raymond Williams and the other co-conspirators identified below have been charged in Criminal Case No. CCB-11-0114 in the Federal District Court for the District of Maryland with conspiracy to distribute and possess with intent to distribute heroin and marijuana. Mr. Nesmith assisted Mr. Williams by packaging marijuana at 11717 Joyas Court, San Diego, California, and elsewhere, and transporting the packaged marijuana to FedEx and other shipping centers for distribution to locations throughout the United States, including the District of Maryland.

The Government's evidence consists of, among other things, video surveillance of the Defendant shipping six boxes containing a total of approximately 152 pounds of marijuana from FedEx shipping centers in the San Diego area. These packages were intended for various destinations in New York and Pennsylvania. Based on cooperator testimony, intercepted telephone conversations between other members of the conspiracy, specifically Jeff Gibbs and Raymond Williams, and physical surveillance conducted by law enforcement officers, the government can prove that packages addressed to locations in Pennsylvania and elsewhere were picked up by members of the conspiracy and brought to the District of Maryland for distribution in the Baltimore metro area. The packages shipped by the Defendant bore the sender name "Global Equity Finance." Based on information obtained through search warrants, the government can prove that Raymond Williams' organization also shipped boxes of marijuana using the sender name "Envision Solar ." "Global Equity Finance" and "Envision Solar " are real companies based in San Diego, California, whose logos Williams' organization copied from the Internet and used to disguise their shipments of marijuana. In addition to the six packages identified above, the government has identified an additional 21 packages shipped through FedEx using the "Envision Solar " and "Global Equity Finance" logos, totaling an additional 422 pounds of marijuana. Some, though not all, of these packages were seized and found to contain marijuana. The government has confirmed that none were legitimately shipped by Global Equity Finance or Envision Solar.

On February 19, 2011, Tetoria McNeely again traveled to Pennsylvania to pick up a box of

marijuana for Jeff Gibbs and the Defendant that had been shipped by Raymond Williams, or an associate of Williams, from San Diego, California. Law enforcement agents stopped McNeely and recovered a box containing approximately 25 pounds of marijuana. A second package shipped to Pennsylvania by Williams on or about March 8, 2001, for associates of Jeff Gibbs to pick up and deliver to Baltimore, Maryland, was seized in transit and found to contain approximately 14.5 pounds of marijuana.

The parties stipulate that based on the facts readily provable by the Government, the Defendant, along with other members of the conspiracy, conspired to distribute at least 400 kilograms, but less than 700 kilograms, of marijuana and that such quantity was reasonably foreseeable to the Defendant and within the scope of his conspiratorial agreement.

Rod J. Rosenstein
United States Attorney

By: _____
Benjamin Block
Assistant United States Attorney

Christopher M. Mason
Special Assistant United States Attorney

I have read this statement of facts, and carefully reviewed every part of it with my attorney. I understand it, and I acknowledge that it is true and correct. I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

10/11/11
Date

_____
Christian Nesmith

I am Christian Nesmith's attorney. I have carefully reviewed every part of this statement of facts with him. To my knowledge, his decision to sign it is an informed and voluntary one.

10/11/11
Date

_____
David Fischer, Esq.

2